8 U.S. 324
 4 Cranch 324
 2 L.Ed. 635
 MOUNTZ AND OTHERS
v.
HODGSON AND THOMPSON.
 February Term, 1808
 
 1
 THIS was a writ of error to a supposed judgment of the circuit court of the district of Columbia, for the county of Washington, between Hodgson and Thompson, plaintiffs, and Jacob Mountz, John Mountz and Henry Knowles, defendants.
 
 
 2
 Hodgson and Thompson had recovered judgment in the court below, at December term, 1805, against Jacob Mountz and George Reintzel. By the act of assembly of Maryland, 1791. c. 67. entitled 'an act for regulating the mode of staying execution, and for repealing the acts of assembly therein mentioned,' it is enacted, that no execution shall issue upon any judgment, provided the person or persons against whom such judgment is obtained, shall come before two justices of the peace of the county, where such person or persons shall reside, within two months after the rendition of such judgment, and together with two other persons, such as the said justices shall approve of, and confess judgment for his debt and costs of suit adjudged, with stay of execution for six months thereafter; which confession shall be made in manner and form following, that is to say 'you H. M. A. B. and C. D. do confess judgment to E. F.' &c. which confession shall be signed by the justices before whom the same is made, and a certificate thereof shall be procured under the hands of the said justices, and such certificate shall be a sufficient supersedeas to the sheriff to forbear serving execution upon the body or goods of the person so obtaining such certificate. And it is further enacted, that the justices shall return the confession of judgment to the clerk of the court, where the first judgment was rendered, by the next court in course, to be entered on record; and after the expiration of the time limited in such confession, it shall be lawful to take out execution thereon, without a scire facias or any other delay, against either the principal or the security, or all or either of them for such judgment so confessed.
 
 
 3
 According to the provisions of this act, the original defendant jacob Mountz (without his co-defendant George Reintzel) went before John Ott and Daniel Reintzel, and, together with Henry Knowles and John Mountz, his sureties, confessed judgment to Hodgson and Thompson, in the form prescribed by the act of assembly. John Ott was admitted to be a justice of peace of the county of Washington, but Daniel Reintzel signed his name as Mayor of Georgetown.
 
 
 4
 By the act of assembly of Maryland, 1789. c. 23. incorporating the town of Georgetown, it is enacted 'that the mayor, recorder and aldermen' 'shall be justices of the peace within the said town, and the precincts thereof,' and that each of them 'shall have the same jurisdiction as to debts, as any justice of the peace of any county of this state now hath, or shall hereafter have by law.'
 
 
 5
 After the expiration of the six month mentioned in the confession of judgment, a ca. sa. was issued thereon, against Jacob Mountz, Henry Knowles, and John Mountz, upon which they were all taken, and on the return thereof, they moved to quash the execution;
 
 
 6
 1. Because the confession of judgment was not before two justices of peace of the county; and,
 
 
 7
 2. Because the judgment was not confessed by George Reintzel, the co-defendant in the first judgment.
 
 
 8
 But the court below overruled both objections, and refused to quash the execution; whereupon the defendants took a bill of exceptions, and brought their writ of error.
 
 
 9
 F. S. Key and Morsell, for the plaintiffs in error,
 
 
 10
 As to the first point, contended, that Daniel Reintzel was not a justice of peace of the county, but only of Georgetown. That he had only the powers necessary for the preservation of the peace in that town. And even if he had power within the town to receive a confession of judgment, it did not appear by the record that this confession was taken in the town, but might have been taken elsewhere, in which case his act would be void.
 
 
 11
 On the second point, they contended that all the defendants to the original judgment, must join in the supersedeas. The words of the act are, 'such person or persons,' thereby implying that if there were several defendants, all must join. Suppose there should be five solvent defendants, and one insolvent who supersedes the judgment with two sureties; the plaintiff cannot take out execution against the five, until the expiration of the six months. If execution be stayed as to one, it is stayed as to all. The execution on a joint judgment must be against all; it must follow the nature of the judgment.
 
 
 12
 Jones, contra.
 
 
 13
 This is an ex parte proceeding by the debtor. He chuses the magistrates before whom he will confess the judgment; he is estopped to deny their jurisdiction, after he has had the benefit of the delay. But if this be an error, it is an error of fact which this court cannot correct. It is a question of fact, whether Daniel Reintzel be a justice of peace of the county. He has signed his name as mayor, yet he may also be a justice of peace of the county. They might as well assert that John Ott is not a justice of peace, because he has not signed his name as such. There is no such office as that of a justice of peace of Georgetown. It is to be presumed that the confession was made in Georgetown, as the contrary does not appear, and Mr. Reintzel signed his name in his official character as mayor of that town.
 
 
 14
 The writ of error complains of the judgment of the two justices, not of that of the circuit court. Or rather the error which they assign is an error in the judgment of the justices, and not in the judgment of the court.
 
 
 15
 The confession of judgment only stays the service of the execution, it does not prevent its emanation. The words of the act are, that it shall be a sufficient supersedeas to the sheriff to forbear serving execution. The execution may issue against all, but shall not be served upon him who has confessed judgment with sureties.
 
 
 16
 Morsell in reply.
 
 
 17
 The judgment confessed before the justices, by being returned to the office of the clerk of the circuit court, and there entered of record, becomes a judgment of that court; otherwise no scire facias could lie to revive the judgment.
 
 
 18
 The act of assembly makes the confession of the second judgment a complete supersedeas to the first. No execution can issue on the first judgment after confession of the second. The words of the act are positive. 'No execution shall issue.' &c.
 
 March 8.
 
 19
 MARSHALL, Ch. J.
 
 
 20
 The majority of the court is of opinion that the writ of error must be quashed, this court not having jurisdiction.
 
 
 21
 The refusal of the court below, to quash the execution on motion, is by some of the judges supposed not to be a judgment to which a writ of error will lie. Others are of opinion that a writ of error will lie to that decision of the court, but that this writ of error is not to the judgment of the circuit court, but to that of the justices.
 
 
 22
 Writ of error quashed.