94 U.S. 348
 24 L.Ed. 194
 EX PARTE FLIPPIN.
 October Term, 1876
 
 PETITION for a writ of mandamu to the Circuit Court of the United States for the Western District of Tennessee.
 Talmadge E. Brown, having a decree in the Circuit Court of the United States for the Western District of Tennessee against the city of Memphis, made application on the law side of that court for a mandamus requiring the city and its mayor and general council to levy and collect a tax for the payment of the amount due him. In this application the name of the person then holding the office of mayor was given, and also the names of the persons who constituted the general council. An alternative writ was issued; and the parties named all appeared by the city attorney, and showed cause against the application. March 30, 1875, a final judgment was entered in the cause, 'by which it was ordered and adjudged that a peremptory writ of mandamus should issue, commanding the city of Memphis and its said general council to proceed each year, for the then ensuing three years, 1875, 1876, and 1877, to levy a tax, in addition to all other taxes allowed by law to be levied, sufficient in amount to realize $125,000 each year for the years 1875 and 1876, and for the year 1877 to realize a sum sufficient to pay whatever sum might then remain unpaid of the said decree. It was further ordered that the clerk of said court, whenever the said Brown should request the same, should issue each year, during the years 1875, 1876, and 1877, respectively, a peremptory writ of mandamus, in accordance with said judgment, to be served on the city of Memphis and its mayor and general council, in the manner prescribed by law.'
 Flippin became mayor of the city, and the other petitioners members of the general council, Jan. 15, 1876. The clerk of the court, at the request of Brown, issued, May 24, a peremptory writ, returnable the fourth Monday in November, directed to the city and to the petitioners by name, as mayor and members of the general council, requiring them to levy the adjudged tax for the year 1876. Nov. 27, 1879, the petitioners moved the court 'to set aside and quash' this writ, for the reason, in substance, that they were not parties to the judgment upon which it was issued. This motion was denied Dec. 14, 1876; and the court, by proceeding against the petitioners for contempt in failing to obey the writ, is now endeavoring to compel them to perform the duties which the judgment enjoined upon the city and its mayor and general council.
 Pending these proceedings, this application is made here for a mandamus requiring the judge of the Circuit Court to quash the writ.
 Mr. W. Y. P. Humes and Mr. S. P. Walker for the relators.
 The proceeding by mandamus in this court is the proper and only remedy of the relators.
 An order of the Circuit Court, quashing or refusing to quash a writ, cannot be reviewed on a writ of error. Mountz v. Hodgson, 4 Cranch, 324; Boyle v. Zacharie, 6 Pet. 648; Toland v. Sprague, 12 id. 300; McCargo v. Chapman, 20 How. 555.
 In the latter case, this court declared that if an execution should be issued, not authorized by the judgment, and the court below should refuse to quash it, a mandamus would seem to be the proper remedy. 'It is a writ which may be issued to inferior courts and magistrates, to require them to execute that justice which the party is entitled to, and which by law they are enjoined to do, and where there is no other remedy.'
 
 
 1
 Ordinarily, this court will not do more than compel the Circuit Court to act, and render some judgment, in a case of which it has improperly refused to take jurisdiction. Railroad Company v. Wiswall, 23 Wall. 507; Insurance Company v. Comstock, 16 id. 270.
 
 
 2
 While a mandamus will not lie to control the judicial discretion of the Circuit Court, by dictating what judgment it shall render, it is the appropriate means of preventing the execution of a writ sued out by order of an inferior court against persons not parties to the proceeding.
 
 
 3
 Mr. William M. Randolp , contra.
 
 
 4
 The order of the Circuit Court, refusing to quash a writ in execution of a judgment or a decree which is final, is not subject to revision or reversal by mandamus by any other court. Ex parte Newman, 14 Wall. 152; Ex parte De Groot, 6 id. 497; United States v. Addison, 22 How. 174.
 
 
 5
 The discretion of the court below was invoked and exercised, and no other court has authority to supervise its action. High on Extraordinary Legal Remedies, sects. 156, 176, and the cases cited; Wylie v. Cox, 14 How. 1; Connor v. Peugh, 18 id. 394; Warren v. Norton, 20 id. 448; The Secretary v. McGarrahan, 9 Wall. 298; Litchfield v. The Register and Receiver, id. 575.
 
 
 6
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 7
 The writ of which the petitioners complained was one of execution to carry into effect the judgment in the original suit for the mandamus. 'The jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until the judgment is satisfied.' Wayman v. Southard, 10 Wheat. 23. 'Process subsequent to judgment is as essential to jurisdiction as process anterior to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.' Riggs v. Johnson County, 6 Wall. 187. But if the court has jurisdiction to issue process, it has necessarily jurisdiction to decide as to its appropriate form. Here the process has been issued; and the court, upon motion, has decided that it was good in form, and ought not to be quashed. Of this decision the petitioners complain, and seek to have it reversed. This we cannot do by mandamus. Under that form of proceeding we may compel an inferior court to decide upon a matter within its jurisdiction and pending before it for judicial determination, but we cannot control its decision. Neither can we in that way compel the inferior court to reverse a decision which it has made in the exercise of its legitimate jurisdiction. That is the office of a writ of error or an appeal, in cases to which such proceeding applies, but not of a writ of mandamus. If there is any thing in the case of McCargo v. Chapman, 20 How. 555, to the contrary of this, it is disapproved.
 
 
 8
 Petition denied.