150 U.S. 150
 14 S.Ct. 50
 37 L.Ed. 1034
 In re PARSONS. In re NININGER. November 6, 1893. Statement by Mr. Chief Justice FULLER: These were applications for leave to file petitions for writs of mandamus against the judge of the district court of the United States for the middle and northern districts a Alabama, commanding him to vacate certain orders made and entered by him June 20, 1893, while holding the circuit court for the southern division of the northern district of Alabama, as to each of said petitioners, and hereinafter set forth, and to reinstate petitioners in the offices of United States attorney and United States marshal for the northern district of Alabama, respectively. As the petitions, proceedings, and orders complained of are the same, mutatis mutandis, the particulars of but one application need be stated. It appears from the petition of Lewis E. Parsons, Jr., and the accompanying record, that on June 20, 1893, at a regular term of the circuit court for the southern division of the northern district of Alabama, Emmet O'Neal presented and filed his application or motion as attorney of the United States for the northern district of Alabama, stating that he had theretofore been recognized by the court as such attorney, duly commissioned and qualified, and representing that he had, as United States attorney, demanded of Parsons, 'the former incumbent of said office, the possession and custody of the books, papers, and property belonging to the said office, and that the said Lewis E. Parsons, Jr., has refused and de-
[151]
 clined to surrender or deliver up the same, but, by his counsel, has in open court announced he would decline and refuse to surrender the same without being ordered so to do by the court;' wherefore he moved the court for an order requiring the said Parsons forthwith to turn over and deliver to him, as the attorney for the United States, the books, papers, and property pertaining to or belonging to that office, taking his receipt as such attorney therefor. Notice of this application was given and accepted on the same day, and thereupon Parsons demurred to the motion upon the grounds that the constitution or laws of the United States did not confer on the president the authority to remove Parsons from the office of United States district attorney, and to appoint O'Neal; that the constitution did not confer the power of appointment or removal during a recess of the senate; that the court had no jurisdiction to make the order prayed for; that 'there are no pleadings, or papers, or suit, or due process of law to authorize the order prayed for in the motion;' 'that the said court had no jurisdiction or authority to recognize the said Emmet O'Neal as stated in said motion, and that there were no pleadings, suit, or due process of law to authorize the said court to recognize the said Emmet O'Neal as United States attorney in said motion.' The demurrer was overruled, and Parsons excepted, and thereupon filed his answer to the motion, averring that he was duly appointed and commissioned by the president of the United States on the 4th of February, 1890, United States attorney for the northern district of Alabama, his commission authorizing and empowering him to perform the duties of that office for the term of four years from its date, which term was fixed by law; that shortly after he qualified and entered upon the discharge of the duties of the office, and had performed them up to the present time; that he had never resigned said office; that he now resided, and had continued to reside since the date of his commission, within the northern district of Alabama, and had given his personal attention to the duties of the office, and no cause of vacancy now existed, or had existed since his appointment; that he had faithfully performed the
 
 [152]
 duties of the office in strict accordance with law; that on May 29, 1893, he received a communication from the president of the United States, dated May 26th, purporting to remove him from office, which communication is set out; that he had had no notice of any charge whatever having been preferred against him prior to May 29, 1893, and had not yet had notice of any charge; that he replied June 5, 1893, to the president, (which reply is set out,) stating that he was advised by counsel, and that it was his own opinion, that the president had no power to remove him, and that he respectfully declined to surrender the office; and that he had notified the attorney general of the United States, and Emmet O'Neal, who was named by the president as his successor, and whose appointment bore date May 26, 1893, that he declined to surrender the office. Respondent further answered that he had continued in the possession of the office from the time he had entered on the duties thereof, and now here in open court he claimed the right to, and that his duty required of him that he should, represent the United States in all civil and criminal cases pending, and perform all other duties required of him by law as United States attorney, and requested the court so to permit him to represent the United States and discharge the duties of the office; 'that the said O'Neal was never recognized as United States attorney by this court until yesterday, and such recognition was without any suit for such purpose, and in view of the facts herein set out, the said respondent appearing at the time, asking to be allowed to perform his duties as such United States attorney; that this court has no jurisdiction to adjudicate the right to said office in any proceeding in court, and the mere fact that this court has heretofore recognized the said Emmet O'Neal as the United States attorney does not constitute him such attorney.' The respondent also assigned as causes of objection and demurrer that the court had no jurisdiction to make the order; that the respondent claimed to have a vested right to the office for the full term covered by his commission, and the court had no jurisdiction to deprive him thereof 'in the man-
 [153]
 ner wherein it is claimed he recognized the said O'Neal as United States attorney,' etc. In support of this answer the respondent introduced his commission as attorney of the United States bearing date February 4, 1890, in the usual form, the letter from the president of May 26, 1893, and his reply thereto. He was then examined in his own behalf, and testified that on the opening of the court, June 19, 1893, he was present in court, and objected and protested against the recognition of O'Neal as United States attorney, and also on that day offered himself to perform the duties of that office; that he was appointed United States attorney in June, 1889, and soon thereafter entered upon the discharge of his duties, and on the 4th of February, 1890, was confirmed by the senate, and since then had given his personal attention to the duties of the office, residing then and since in Birmingham, in the northern district of Alabama; and that he was ready and offered to continue in the discharge of the duties of the office, and had declined to surrender the office to O'Neal on his demand for the same, O'Neal claiming to have been appointed May 26, 1893, and the demand and refusal having been since that date. The court considered, in connection with the evidence introduced by the respondent, the commission of O'Neal under which he had duly qualified, which was exhibited to the court on the 19th of June, 1893, when he was recognized as United States attorney. This commission bore date May 26, 1893, and appointed O'Neal the attorney of the United States for the northern district of Alabama in due form. This being all the evidence, the court entered the following order: 'Now comes Emmet O'Neal, district attorney of the United States for the northern district of Alabama, and represents and shows to the court that he has demanded of Lewis E. Parsons, Jr., the former United States district attorney for said district, the possession and custody of the books, papers, and property belonging to the said office, and that the said Lewis E. Parsons, Jr., has refused to surrender the same; and the said Emmet O'Neal now moves the court for an order to require the said Lewis E. Parsons, Jr., to surrender and turn
 [154]
 over to him the possession and custody of said books, papers, and property; and, counsel for the respective parties being heard, it is considered by the court that the said Lewis E. Parsons, Jr., the former United States district attorney for the northern district of Alabama, do forthwith, or as soon as practicable, turn over and deliver to the said Emmet O'Neal, as district attorney of the United States for the northern district of Alabama, all the books, papers, and property pertaining or belonging to the said office of district attorney of the United States for the northern district of Alabama, taking the receipt of the said Emmet O'Neal, district attorney for the United States for the northern district of Alabama.' To which action of the court respondent duly excepted. On the following day petitioner again appeared in the circuit court, and filed a petition praying that the court enter an order or judgment declaring the commission issued to O'Neal to be invalid, that petitioner be put in possession of the books, papers, etc., appertaining to the office of United States attorney, and that the order of June 20th be set aside, and thereafter (July 15th) moved the court to set the matter down for hearing, which the court declined to do, and refused to entertain the same, to which petitioner excepted, and the petition and motion were then withdrawn. In the case of Nininger, the order required the transfer of the custody of prisoners to Musgrove, the new appointee, as well as that of the books, papers, and property pertaining to the office of United States marshal. The remarks of the court, June 19, 1893, will be found reported in 57 Fed. Rep. 293. J. A. W. Smith and David D. Shelby, for the motion. Sol. Gen. Maxwell, opposed.
 [155]
 djQ Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court. The circuit court dealt by its orders with the possession of certain books, papers, and property, and the custody of certain prisoners, and while, in so doing, O'Neal and Musgrove were recognized as United States attorney and marshal, respectively, the court did not thereby undertake to determine the title to those offices. If the orders be regarded merely as directions in the administration of judicial affairs in respect of the immediate possession of property or custody of prisoners, we cannot be properly called on, by reason of anything appearing on these records, in the exercise of appellate jurisdiction in this manner, to direct them to be set aside; and if the proceedings should be treated as involving a final determination, as on issue joined, of the right to such possession and custody, there was no complaint of want of notice or of hearing, and the summary mode adopted did not in itself affect the jurisdiction of the circuit court, upon the ground that it had exceeded its powers. Without intending to intimate that the orders would have any effect, and, if so, what, on appropri-
 [156]
 ate proceedings to try title to these offices, it is enough that in our judgment the circuit court had jurisdiction to enter them. We cannot by writ of mandamus compel the court below to decide a matter before it in a particular way, nor can we, through the instrumentality of that writ, review its judicial action had in the exercise of legitimate jurisdiction. Ex parte Flippin, 94 U. S. 348; Ex parte Burtis, 103 U. S. 238; In re Morrison, 147 U. S. 14, 26, 13 Sup. Ct. Rep. 246; In re Hawkins, 147 U. S. 486, 490, 13 Sup. Ct. Rep. 512; American Construction Co.
 v.
 Jacksonville, T. & K. W. R. Co., 148 U. S. 372, 379, 386, 13 Sup. Ct. Rep. 758; Ex parte Humes, 149 U. S. 192, 13 Sup. Ct. Rep. 836. These settled principles control the applications before us, and it follows that they must be denied. Morse v. Anderson [14SCt43,150US156,37LEd1037] 14 S.Ct. 43 150 U.S. 156 37 L.Ed. 1037 MORSE et al. v. ANDERSON.
 No. 63.
 November 6, 1893.
 The following statement as to the allowance of the bill of exceptions is made in the brief of plaintiffs in error:
 'On December 17, 1887, the verdict was rendered, and 10 days' time allowed to present bill of exceptions. On the 24th day of December, 1887, the bill of exceptions was tendered and noted of record, and time allowed until the 20th of January, 1888, to complete the bill. The judge declined to sign the tendered bill, and on the 14th of January, 1888, extended the time to prepare another bill until the 15th of March, 1888. Before the 15th of March, 1888, another bill of exceptions was presented to the judge, who seemed to think it did not conform to his suggestions. Another order was entered, extending the time to May 15, 1888, to complete the bill of exceptions. Before that time expired, a third bill of exceptions was tendered to the court, the motion for new trial being disposed of at the same term. Other orders were made, extending the time within which to present a bill of exceptions to the 2d day of July, 1888. In December, 1888, counsel for plaintiffs in error made various efforts to have the counsel of the defendant in error present, but, owing to sickness, it was impracticable to do so until the bill of exceptions now before the court was signed, on April 1, 1889. The certificate of the judge shows all these facts, and that the counsel for plaintiffs in error continued to present bills of exception to the court and judge until the bill was signed by him and made a part of the record. The orders of extension and facts contained in the bill of exceptions show in this case that justice would be defeated if the bill were to be excluded from the record. Counsel for plaintiffs in error were assiduous and persistent in presenting and insisting upon the bill of exceptions until the court signed and made it a part of the record.'
 [Statement of Case from pages 156-158 intentionally omitted]
 Thos. F. Hargis, for plaintiffs in error.
 Mr. Chief Justice FULLER.
 
 
 1
 The judgment is affirmed, for want of bill of exceptions seasonably allowed, upon the authority of Muller v. Ehlers, 91 U. S. 249; Jones v. Grover & Baker S. M. Co., 131 U. S. Append. cl; Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. Rep. 450; Glaspell v. Railroad Co., 144 U. S. 211, 12 Sup. Ct. Rep. 593; Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. Rep. 582. Judgment affirmed.