## *In re* HUMES, Petitioner.

### ORIGINAL.

No. 20. Original. Argued April 17, 1893. — Decided April 24, 1893.

A judgment of a Circuit Court to which a writ of error had been sued out, with a supersedeas bond given, being affirmed here and remanded to the trial court in the usual way, that court, on motion, summoned in the sureties, and, although they proposed to interpose a plea of partial payment, proceeded to render judgment against them and the principal for the full amount of the original judgment with interest and costs. An appeal to the Circuit Court of Appeals having been dismissed for nonjoinder of the original defendant, they applied to this court for a writ of mandamus, commanding the court below to vacate its judgment in so far as it was rendered against the sureties, and to execute the mandate by entering judgment and ordering execution against the principal only. *Held*, that that judgment was rendered in the exercise of judicial determination, and not in the discharge of a ministerial duty, and that the petitioners' remedy, if they deemed themselves aggrieved, was by writ of error.

THE case is stated in the opinion.

*Mr. W. Hallett Phillips* for petitioners.

*Mr. George T. White*, opposing. *Mr. William Richardson* and *Mr. Francis Martin* were with him on the brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The Third National Bank of Chattanooga recovered a money judgment in the Circuit Court of the United States for the Northern District of Alabama against Eugene C.

Gordon, April 14, 1888, to reverse which Gordon sued out a writ of error from this court, giving a supersedeas bond in the usual form with Milton Humes and C. C. Harris as sureties thereon. March 21, 1892, the judgment of the Circuit Court was affirmed by this court, and the mandate was thereafterwards issued in the usual form. On the 12th of October, 1892, at a regular term of the Circuit Court, the bank made a motion upon notice for judgment against the defendant Gordon and his sureties. To this motion Humes and Harris appeared and filled a demurrer, which was overruled, and they then proposed to interpose a plea of partial payment, which the court refused to permit to be filed or to hear any evidence upon that subject, whereupon, without any other evidence than the supersedeas bond and the mandate of this court, the Circuit Court rendered judgment against Gordon, Humes, and Harris for the principal, interest, and costs as shown in the original judgment. To this judgment Humes and Harris prosecuted a writ of error from the Circuit Court of Appeals, which dismissed the writ because Gordon did not join in it, and there was no summons and severance or equivalent proceeding. *Hardee* v. *Wilson*, 146 U. S. 179; *Mason* v. *United States*, 136 U. S. 581.

Thereupon Humes and Harris applied to this court for leave to file a petition for a writ of mandamus and for a rule requiring the judge of the Circuit Court to show cause why he should not be commanded to execute the mandate of this court by vacating the judgment in so far as it was rendered and directed execution against petitioners, and to enter judgment and direct execution against the defendant Gordon without more. Leave was granted to file the petition and a rule was entered thereon accordingly, to which return has been duly made. The judgment rendered by the Circuit Court recites that it appears to the satisfaction of the court that judgment was recovered against Gordon, a writ of error sued out and a supersedeas bond given; and further, from an inspection of the mandate of this court, that that judgment was affirmed, " and the said cause remanded with directions to this court to take such further proceedings in said case as right

and justice and the laws of the United States direct, in accordance with the opinion of the said Supreme Court." And judgment was then given, as before stated, against Gordon, Humes, and Harris.

We are of opinion that this application must be denied. The argument for petitioners is that the Circuit Court was proceeding wholly in execution of our mandate; that in doing so the judgment rendered went beyond its requirements; and that, therefore, petitioners are entitled to the remedy by mandamus to correct action in excess of the jurisdiction of the court below. *In re Washington & Georgetown Railroad,* 140 U. S. 91; *Gaines* v. *Rugg,* 148 U. S. 228. But, without considering or determining any other question, it is sufficient to observe that these petitioners were not parties to the original judgment, or to the writ of error, and were not so concerned in the execution of the mandate as to be entitled to ask for a review of the action of the Circuit Court in that regard by mandamus. The judgment against them was rendered in the exercise of judicial determination, and not in the discharge of a ministerial duty, and their remedy, if they deem themselves aggrieved, lies in a writ of error. *Ex parte Flippin,* 94 U. S. 348.

*Writ denied.*