UNITED STATES ex rel. STRICKLEY v. MARSHALL, Judge, et al.

(Circuit Court of Appeals, Eighth Circuit. April 27, 1903.)

No. 31.

1. APPEAL—EJECTMENT—RESTITUTION—SUSPENSION OF WRIT.
     Where a motion to stay the issuance of an order of restitution in eject-
ment was treated by the parties as the equivalent of a bill in equity for
such purpose, it will be so treated on appeal.

2. EMINENT DOMAIN—MINING COMPANIES—TRAMWAYS—RIGHTS OF WAY—POS-
SESSION PENDING PROCEEDINGS—EJECTMENT—RESTITUTION—SUSPENSION—
MANDAMUS.
     Rev. St. Utah, § 3588, authorizes mining companies to maintain con-
demnation proceedings for the construction of tramways to facilitate
the milling or reduction of ores, and section 3597 provides that in suits
for condemnation the plaintiff may be permitted to occupy the premises
pendente lite on the execution of a specified bond. *Held*, that where,
pending appeal from an adverse decision in an action to eject a mining
company from plaintiff's land used for the operation of its tramway, de-
fendant brought suit to condemn a right of way therefor, and obtained
an order permitting it to occupy the property pendente lite, the Circuit
Court, on the affirmance of its decree in the ejectment suit, had jurisdic-
tion to suspend the enforcement of the order of restitution pending the
condemnation proceedings; and hence mandamus would not lie to compel
the issuance of a writ of restitution, the suspension order being review-
able only by appeal.

Petition for Peremptory Writ of Mandamus.

In November, 1900, the petitioner instituted his action in ejectment in the
state court of Utah against the Highland Boy Gold Mining Company, a cor-
poration, to recover possession of a certain strip of ground extending across
a mining claim owned by him over which the mining company had erected
an aerial tramway to transport its ores. In due time this action was removed
to the United States Circuit Court for the district of Utah, and subsequently
a trial was had, resulting July 10, 1901, in a judgment in favor of the plain-
tiff in that action for the possession of the premises in question and for costs
by him incurred. This judgment was afterwards affirmed on writ of error
duly prosecuted to this court. 116 Fed. 852. Soon after the judgment was
originally rendered in the ejectment suit the defendant therein, the mining
company, instituted its suit in the state court of Utah to condemn the right
of way theretofore occupied by it as a tramway over Strickley's premises,
and which was the subject of the litigation in the ejectment suit, and at the
same time moved the court for an order permitting it to occupy the tramway,
pending the determination of its right of condemnation. This motion was
granted by the state court, and an order was made authorizing and permit-
ting the mining company, on giving a bond as prescribed by the statutes
of Utah, to occupy and use the tramway in question pending the determina-
tion of the right to condemn the same. On September 13, 1902, the mandate
of this court was sent down affirming the judgment rendered in the ejectment
suit, and directing that such execution and proceedings be had in the court
below "as according to right and justice and the laws of the United States
ought to be had." Thereafter a motion was made by the mining company
in the court below to stay the issuance or service of any writ of restitution
until the final determination of the condemnation proceedings in the state
court. This motion was sustained, and afterwards Strickley, the plaintiff in
that action, filed a motion to vacate the order staying the writ of restitution,
which was duly heard, considered, and overruled. Thereafter Strickley se-
cured leave of this court to file a petition for a writ of mandamus. The writ
issued accordingly, commanding the respondents to forthwith issue a writ
of restitution for the premises in question to the relator, or show cause to
the contrary on a day fixed. In due time the respondents filed their return,

setting up the foregoing facts, and, among other things, that, while the motion to vacate the order staying the writ of restitution was being heard, the respondent, Judge Marshall, asked the counsel for Strickley whether he made any point on the fact that the writ of restitution was stayed or sought to be stayed by motion instead of by a bill in equity, and that such counsel in open court replied "that he made no question on that point, as he thought the stay could be as well obtained by motion as by a bill in equity." This portion of the return is not denied. Other facts necessary for an understanding of the case will be stated in the opinion.

Frank Hoffman, for petitioner.

Waldemar Van Cott (George Sutherland and E. M. Allison, Jr., on the brief), for respondents.

Before CALDWELL and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after making the foregoing statement, delivered the opinion of the court.

Section 3588 of the Revised Statutes of Utah (1898) provides that "the right of eminent domain may be exercised in behalf of the following public uses: * * * (6) * * * Tramways * * * to facilitate the milling, smelting or other reduction of ores, or the working of mines."

It is conceded that the mining company's suit to condemn the premises in question was for "tramway" purposes, within the meaning of the statute just quoted. The mining company first sought to secure the use of the tramway by interposing its claim thereto as an equitable defense to the ejectment suit; but such defenses to an action at law are not permissible in the federal courts, and the particular defense undertaken to be made by the mining company in the ejectment suit was not sustained by the trial court or by this court. Highland Boy Gold Mining Company v. Strickley (C. C. A.) 116 Fed. 852. Failing in that effort the mining company immediately after the adverse judgment in the trial court resorted to its action under the statute, supra, to condemn the right of way.

Section 3597 of the same statute provides that in suits for condemnation "the plaintiff may move the court * * * at any time after the commencement of suit * * * for an order permitting the plaintiff to occupy the premises sought to be condemned, pending the action. * * * The court * * * shall take proof * * * of the value of the premises sought to be condemned * * * and of the reasons for requiring a speedy occupation, and shall grant or refuse the motion according to the equity of the case. * * * If the motion is granted, the court * * * shall require the plaintiff to execute and file in court a bond to the defendant, with sureties to be approved by the court * * * conditioned to pay the adjudged value of the premises and all damages in case the property is condemned, and to pay all damages arising from occupation before judgment in case the premises are not condemned, and all costs adjudged to the defendant in the action."

When the mandate of this court went down, the mining company was prosecuting in due course its suit for condemnation, and was in possession of the premises sought to be condemned, after having

given bond as provided by the statute just quoted. Such was the situation when the trial court, on motion of the mining company, stayed the issue of the order of restitution to enforce the judgment in the ejectment suit, and it is to compel the trial court to award such an order that this proceeding by mandamus was resorted to.

The motion to stay the issuance of the order of restitution was treated by the parties as the equivalent of a bill in equity for that purpose and must be so treated here. If the court had jurisdiction to grant the relief prayed for by bill in equity, its judgment therein would not be subject to review by writ of mandamus. If the judgment was wrong the remedy was by appeal. Ex parte Flippin, 94 U. S. 348, 24 L. Ed. 194; Ex parte Loring, 94 U. S. 418, 24 L. Ed. 165; In re Sanford Fork & Tool Co., 160 U. S. 247, 255, 16 Sup. Ct. 291, 40 L. Ed. 414; Kimberlin v. Commission to Five Civilized Tribes, 44 C. C. A. 109, 104 Fed. 653.

We entertain no doubt that the trial court would have had jurisdiction by bill in equity to consider and adjudge the question presented by the motion to stay the writ of restitution.

Ordinarily the mandate of this court requiring the enforcement of a judgment of the trial court must be specifically obeyed, but when new rights have intervened after the original judgment and pending an appeal, like, for example, accord and satisfaction, payment of the judgment debt, adjudication in bankruptcy, and discharge of the debtor from the judgment debt, such rights, if of equitable cognizance, not only justify, but require, the trial court to afford relief, either by bill in equity, or, possibly, by motion to stay the enforcement of the judgment itself, if the same is necessary to prevent irreparable injury. This is not only true under general principles of equity, but is recognized in the language of the mandate involved in this case, wherein the trial court is directed to take such proceedings "as according to right and justice and the laws of the United States ought to be had." Such a mandate certainly cannot stand in the way of affording relief of an equitable character.

Applying the foregoing principles to the case under consideration, we are of opinion that the institution of the proceedings in the state court to condemn the right of way, after the mining company had failed to secure an adjudication of such right in the ejectment suit, and the giving of the bond which by statute conferred the right of occupancy pending the action for condemnation, created such a new right as entitled the mining company to invoke the jurisdiction of the trial court to stay its judgment, the enforcement of which would necessarily interfere with the enjoyment if not utterly destroy the right itself, until such new right might be adjudicated in the proper forum.

The trial court, therefore, having jurisdiction to consider and determine the question presented by the bill in equity, or its equivalent motion to stay the order of restitution, its action could only be reviewed by appeal. The effort to do so by mandamus is unavailing. We find no occasion to express an opinion on the question argued at the bar as to whether the judgment in the ejectment suit is an estoppel of record of the right of the mining company to litigate

the issues presented in the condemnation suit. The petitioner may properly present that question to the state court in the trial of the condemnation suit.

It results from the foregoing that the motion for a peremptory writ of mandamus must be denied, and the petition therefor is dismissed.