On Rehearing.
The relator invoked the doctrine of comity or public policy, requiring proceedings to ba *785 stayed in the last suit where in courts of concurrent jurisdiction two suits are pending regarding the same property between practically the same parties and the same cause of action. Originally B. Pendleton Eerriday and others, residents of the state of Mississippi, sued relators in the Tenth judicial district court for the parish of Concordia, La. (that is, the Middlesex Banking Company, the Southern Land Company, and the Realty Investment Company, foreign corporations, and Mrs. Duthaut, tenant in possession), for the rescission of a contract involving titles to land in the parish of Concordia, and to be recognized as owners of said lands, referred to as “Helena Plantation.”
The defendants appeared before the said district court and filed application for the removal of the cause on the ground of foreign residence of the parties.
The order of removal applied for was granted.
Plaintiffs filed a supplemental and amended bill in the federal court upon discovering that there had been a foreclosure sale of the property. The purpose of the supplemental amendment prayed for was to have that sale decree null on the grounds stated in the supplemental pleadings.
The defendants in the federal court demurred, and their demurrer was overruled. They then joined issue, and the cause came up for trial and final hearing at the April term of the court in 1906.
Upon the bill of complaint, answer, and replication the cause was submitted to be decided at Alexandria on the 2d day of May following. At that place the cause was again called up, and was argued by defendants’ counsel. A letter was received from the counsel for complainants, in which he expressed willingness, if defendants’ counsel insisted upon proceeding with the case, to have it “submitted on the bill, answer and proof, the motion to remand, and the briefs on file.”
The case was submitted, and on the same-day the motion to remand was overruled and the suits dismissed. An application for a rehearing was filed, and was argued by the-solicitor for complainants and by counsel for respondents. On October 24th the court refused the application for a rehearing.
Learned counsel for complainants in the-brief stated that the case had been improperly removed, and, inasmuch as the further prosecution of the cause in the federal court could only terminate in the remanding of the case to the state court, he concluded to abandon the case in the federal court. In other words, that he had moved to remand, instead of having the motion set aside and the bill dismissed without prejudice. That he then instituted a new suit in April, 1906, against the same parties for the same cause of action, and that defendants appeared in this suit without objecting to the jurisdiction or-filing other dilatory pleas; that defendants’ counsel filed an answer accompanied by a plea of prescription. There is no proof before us of any abandonment of the suit by the solicitor in the United States court.
After the suit had been dismissed in the-federal court, as before mentioned, defendants filed a motion in the state court to-have the proceedings in that court stayed because of the proceedings and decree in the-federal court.
Plaintiffs’ objection to this motion to stay proceedings was that if the motion was filed on the ground of lis pendens it came too late-after appearance on the merits, and if it was intended as a plea of res judicata the decree in the federal court, before referred to,, was not final.
The motion was sustained by the district-court, and the proceedings were accordingly stayed.
A short time afterward, on reconsideration,. *787 the court recalled its former- ruling, and ordered that the case proceed. It was then that the defendant filed his answer.
A written agreement was entered into between plaintiffs and defendants to try the case in the state court, by which it was stipulated that the case should first be tried on the question of title, and if the court held that plaintiffs had been divested of title by the foreclosure sale, before referred to, the court should render a judgment rejecting plaintiffs’ demand; but if the court held that plaintiffs had title the cause should proceed for the purpose of an accounting. The cause, after agreement had been entered into, was continued to another day, and on this day defendants again moved to stay the proceedings, stating in the motion that the United States Circuit Court entered on October 24th a final judgment, which could only be set aside by an appeal from the decision of that court.
We will state at the outset that on the face of the papers it does not appear that plaintiffs had not been notified of the proceedings.
The first ground for our serious consideration goes to the power of this court to issue the writ of prohibition. The contention of respondent in answer to the rule nisi is that the defendant cannot be heard on this application for a writ of prohibition by reason of the fact that when judgment will have been pronounced by the district court it will be possible for the defendant to appeal, and that he has not both the right of appeal and the right to obtain a writ of prohibition. We state in answer, in matter of prohibition this court may exercise its supervisory powers under article 94 of the Constitution, even though an applicant may in the end have the right of an appeal. Under the Constitution of 1879, not as broad as the Constitution of 1898 as regards the right to the remedial writ, it was decided that the writ of prohibition might issue if deemed proper to' prevent conflicts in jurisdiction and the incurring of useless costs. Brouillette v. Judge of Tenth Dist. Court, 45 La. Ann. 244, 12 South. 134.
To prevent a clash of jurisdiction if the court deems it proper, it will take the matter in hand and pass upon the question involved, particularly if it does not abundantly appear that adequate remedy by appeal can be had.
The court does not deem it necessary to postpone consideration of the subject and refer parties to an appeal. The question of law is fully presented, and will be considered at this time. This leads us to a consideration of the subject of the stay of proceedings. Plaintiffs asked originally in their petitory action to have their title recognized, and also to have it decreed that they are entitled to a partition or such other steps as the nature of their right might require. In passing upon the question now-in hand, that is presented by the motion to stay, we deem it proper in the first place to advert with some particularity to certain definitions which may aid in the discussion.
Actions purely personal are those which solety affect the person, without regard to property. An action is purely real when it directly regulates property and the rights of property, without reference to or change in the state of the person. Other rights are deemed personal and real, affecting both persons and property, and which are further called “mixed.”
The following has served as an illustration: A particular law which shall authorize a minor or other person ordinarily to dispose of property under particular circumstances would be deemed mixed law, because so far as it affects the particular capacity of a person it is personal, and to the extent it enables him to act respecting the property it is real. Story, on Conflict of Laws, § 425.
Applying these principles, it is useless to *789 state that the action is not personal, for no one asserts that it is. It is a real action. It relates to realty. The character of the right claimed clearly falls within the provision of the Code of Practice upon the subject. Plaintiffs demand something as their . own. It is from their standpoint a right to dominion, or a jus ad rem. It, i. e., the latter ad rem, is descriptive of a right without possession.
The nature of the action being determined, it at once becomes evident that defendants have a right to the maintenance of their motion to stay, for the reason that the res is within the jurisdiction of the federal court having first become seized with jurisdiction. There is no question here of lis pendens or res judicata. Neither could possibly hold or be in any way maintained. The only question is as to whether defendants have a right to a stay of the proceedings.
We will none the less state before leaving this branch of the case that lis pendens does not lie because the suit is pending in another jurisdiction; that is, in one of the federal courts. The plea of res judicata does not lie because the judgment which has been rendered is not yet final, being subject to appeal.
We return to the motion to stay. True, there has been no seizure in this case, nor an actual taking of the res in possession under the orders of the court. That is not essential ; it is only sufficient that it be evident that it may, during the progress of the suit, become necessary that there should be a seizure of the land in order to enforce the judgment of the court. It is manifest in the present case that if a judgment had been rendered in accordance with plaintiffs’ demand it would have been necessary to take possession of the land in order to enforce the judgment, for the jurisdiction of the court does not end with the judgment; it continues and includes the execution of the judgment, and this without the right on the part of any court to interfere.
In the courts of the different states of the republic and in the federal courts, there is a modus vivendi established in order to avoid the conflict of jurisdiction, of process, its costs and vexations. The rule may not be as closely carried out by courts of foreign jurisdiction; it is none the less observed in all the courts of different nations. Maclean v. Wayne Circuit Court, 18 N. W. 396. 52 Mich. 257.
In carrying out the rule of comity, it was held the court who first comes into jurisdiction has the right to decide all the issues of the case, and that right cannot be taken away by any court of concurrent jurisdiction in subsequent proceedings. State ex rel. Newman v. Burke, 35 La. Ann. 188, citing with approval Peck v. Jenness, 7 How. (U. S.) 612, 12 L. Ed. 841.
Again, it was decided that, the jurisdiction of the court having attached, it cannot thus be divested of jurisdiction. Id.
In order to place together a list of decisions cited as pertinent, we here insert:
Taylor v. Tainter, 16 Wall. (U. S.) 366, 21 L. Ed. 287. In this just-cited decision the court holds that the one court getting jurisdiction excludes the other.
To the same effect is Harkrader v. Wadley, 172 U. S. 164, 19 Sup. Ct. 119, 43 L. Ed. 399, from which the following is a brief excerpt, to wit:
"The tribunal whose jurisdiction first attaches holds it until it is exhausted.” Further, “that the doctrine should not be trenched upon.”
Rio Grande v. Gomila, 132 U. S. 485, 10 Sup. Ct. 155, 33 L. Ed. 400.
Similar views are expressed in Ex parte Cranch, 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690; Wilmer v. Atlantic Ry., 2 Woods, 421, Fed. Cas. No. 17,775; Sharon v. Terry, 36 Fed. 356, 13 Sawy. 387, 1 L. R. A. 572; Gamble v. San Diego (C. C.) 79 Fed. 487; Foster v. Bank (C. C.) 68 Fed. 725.
This jurisdiction extends to the satisfaction of the judgment Wayman v. Southard, *791 10 Wheat. (U. S.) 23, 6 L. Ed. 253; Ex parte Flippin, 94 U. S. 350, 24 L. Ed. 194.
The last-cited case contains the statement substantially that process subsequent to judgment is as essential to jurisdiction as proces anterior to judgment. Riggs v. County, 6 Wall. (U. S.) 187, 18 L. Ed. 768.
With reference to the agreement entered into between counsel regarding the nature of the judgment which the court should render, in case it rendered judgment, as before stated, we do not regard it as a waiver which had the effect of concluding the defendants in their motion. Even after judgment, if a judgment had been rendered, it would have been in time to take out an injunction to arrest execution in case the decision in the state court be different from that rendered in the federal court. If the ground could be urged and the comity of courts invoked in an injunction, it was not too late to invoke the rule in the case now before us for decision.
The agreement in question was entered into after the first motion to stay had been overruled. The defendant could not do less than accept the situation. There is an applying maxim “An act of the court injures no one”- — Actus curiae neminem gravabit.
Defendant acted on the theory that the court’s ruling was correct. I-Iis client cannot be punished because he acted as he did after the ruling, in order to protect, as he thought, its right.
Eor the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the Judgment heretofore handed down he avoided, annulled, and reversed. And it is hereby ordered, adjudged, and decreed that the motion to stay the proceedings is granted. Our learned Brother of the district court is directed to take no further action or proceeding therein untii the final disposition of the case of B. Pendelton Ferriday et al. v. Middlesex Banking Co. et al., No. 296 of the docket of the Circuit Court of the United States for the Western district of Louisiana, at Monroe, or until the case is finally disposed of in the United States courts.
NICI-IOLLS, J., dissents.