Samuel G. ALBERT, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION, and Hon. W. Wallace Kent, Judge of said court, Respondents.

No. 14308.

United States Court of Appeals
Sixth Circuit.

Oct. 19, 1960.

———◆———

Peter E. Bradt, Port Huron, Mich., and Theodore G. Albert, Ironwood, Mich., for petitioner.

Charles M. Humphrey, Jr., Ironwood, Mich., Ivan D. Wright, Ironwood, Mich., William F. Pellow, Bessemer, Mich., William P. Pellow, Pros. Atty., Bessemer, Mich., for respondents.

Before MILLER, CECIL and WEICK, Circuit Judges.

WEICK, Circuit Judge.

This is an original action in mandamus and prohibition to compel the District Judge to certify his disqualification to hear a certain pending action and to prohibit him from conducting further proceedings therein because of his alleged personal bias and prejudice.

An affidavit alleging personal bias and prejudice on the part of the Judge in favor of and against certain parties and attorneys in said pending action in the District Court was filed by petitioner under the provisions of Title 28 U.S.C. § 144.

The District Judge, upon consideration of the affidavit of personal bias and prejudice, held that it was insufficient to require him to disqualify himself and refused to do so. The present proceeding followed in an attempt to obtain a review of the order entered by him.

▮ The mere filing of an affidavit of personal bias and prejudice against the District Judge did not result in his automatic disqualification. The statute requires the affidavit to state something more than that the judge has a personal bias or prejudice. It provides that "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists * * *." Title 28 U.S.C. § 144.

▮ The District Judge had a duty to determine whether the statutory requirement has been met. To do so he was required to pass upon the legal sufficiency of the affidavit. In the consideration of the matter, he must accept the facts alleged in the affidavit as true, as they may not be controverted. Green v. Murphy, 3 Cir., 1958, 259 F.2d 591; [1] Eisler v. United States, 1948, 83 U.S. App.D.C. 315, 170 F.2d 273.

▮ The order entered by the District Judge refusing to disqualify himself is not reviewable upon appeal until a final judgment has been entered in the case. Collier v. Picard, 6 Cir., 1956, 237 F.2d 234.

▮ Before petitioner may resort to the extraordinary writ of mandamus, he must establish that he has a clear and certain right and that the duties of the respondent are ministerial, plainly defined and peremptory. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 272; Rayborn v. Jones, 6 Cir., 1960, 282 F.2d 410.

▮ In our view, the consideration by the District Judge of the sufficiency of the affidavit of bias and prejudice is not a ministerial, but a judicial act.

▮▮ Mandamus does not lie to compel a judge of an inferior court to reverse a decision made by him in the exercise of a legitimate jurisdiction. Ex parte Flippin, 1876, 94 U.S. 348, 24 L.Ed. 194, or to compel him to decide according to the dictates of any judgment but his own, United States v. Lawrence, 1795, 3 Dall. 42, 1 L.Ed. 502, or to control the exercise of his discretion. Gottlieb v. Rubenstein, 6 Cir., 1958, 252 F.2d 779. This remedy is reserved for really extraordinary causes. It may not be used as a substitute for appeal. Roche v. Evaporated Milk Association, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Beneke v. Weick, 6 Cir., 1960, 275 F.2d 38.

▮ The writ may be granted only where it is clear and undisputable that there is no other legal remedy. Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379.

Mandamus has been held not to be the proper remedy to compel a judge to

---

1. The decision in this case was criticized in an article entitled "Psychiatric Evidence In The Recusation of Judges" because of the claim that the court did not give proper effect to psychiatric evidence which had been offered. 73 Harvard Law Review 1325.

The opinion of the District Court is reported under the title of United States v. Gilboy, D.C.M.D.Pa.1958, 162 F.Supp. 384. The District Judge finally did withdraw from the case in order that it could be expeditiously tried. United States v. Gilboy, D.C., 166 F.Supp. 220.

recuse himself. Green v. Murphy, 3 Cir., 1958, 259 F.2d 591; Korer v. Hoffman, 7 Cir., 1954, 212 F.2d 211, 45 A.L.R.2d 930; Hurd v. Letts, 1945, 80 U.S.App. D.C. 233, 152 F.2d 121.

In Connelly v. United States District Court, 9 Cir., 1951, 191 F.2d 692, the Court issued a writ of prohibition, but the footnote on page 693 of the opinion indicates that no question was raised over its power to do so. This decision was followed in Gladstein v. McLaughlin, 9 Cir., 1955, 230 F.2d 762 wherein the Court of Appeals felt it was unnecessary to issue the writ as the District Judge upon consideration of its opinion would refrain from proceeding further. In concurring, Circuit Judge Pope was of the view that the Court, in this same footnote in Connelly, had misconstrued the language of Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, which was that "remedy by appeal [was] inadequate." Id. 255 U.S. 36, 41 S.Ct. 234. In Korer v. Hoffman, supra, it was pointed out that what the Supreme Court in Berger was referring to was the efficacy of an appeal if the District Judge had been authorized to decide upon the truth of the facts set forth in the affidavit of bias and prejudice. In any event, Berger was not a mandamus case, but was an appeal from a judgment of conviction in a criminal case.

In Williams v. Kent, 6 Cir., 1954, 216 F.2d 342 we passed upon the sufficiency of an affidavit of prejudice in a mandamus proceeding "assuming that a writ might appropriately issue in such a case" and held that it failed to show bias or prejudice personal to the District Judge.

In the present case, the District Judge, in an oral opinion, analyzed each of the claims of petitioner and the facts alleged in the affidavit in support of them and pointed out the reasons why the facts did not support the charge of bias and prejudice. In our judgment, he had jurisdiction to do so.

■ We have carefully examined the affidavit of personal bias and prejudice and are of the opinion that we would not

be justified in issuing a writ of mandamus or prohibition. We do not believe that the facts alleged in the petition are sufficient to establish any bias or prejudice personal to the District Judge.

The Petition for a Writ of Mandamus and Prohibition is dismissed.