**Robert W. KELLEY et al., Plaintiffs-Appellants,**

v.

**The METROPOLITAN COUNTY BOARD OF EDUCATION OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al., Defendants-Appellees.**

No. 72-2143.

United States Court of Appeals, Sixth Circuit.

June 6, 1973.

McCree, Circuit Judge, concurred and filed opinion.

Avon N. Williams, Jr., Nashville, Tenn., Jack Greenberg, James M. Nabrit, III, Norman J. Chachkin, Sylvia Drew, New York City, for plaintiffs-appellants.

James H. Harris, III, Seymour Samuels, Jr., Harlan Dodson, Dick L. Lansden, Gilbert S. Merritt, Charles H. Warfield, James F. Neal, Nashville, Tenn., for defendants-appellees.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

ORDER.

On receipt and consideration of a motion to dismiss an appeal and on consideration of the briefs filed therein; and

Finding in the record no abuse of discretion on the part of the District Judge whose order of refusal is sought to be appealed [1] and no clear legal ground for issuance of a writ of mandamus if appellant's appeal should be considered to be such, Ex Parte American Steel Barrel Co., 230 U.S. 35, 45, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913),

The appeal is hereby dismissed; or alternatively, said petition for writ of mandamus is hereby denied.

McCREE, Circuit Judge (concurring).

I agree with the majority that we have jurisdiction to hear this appeal from the order of the District Judge recusing himself. Although the order lacks finality in the sense that it does not dispose of the case, by its nature (unlike an order denying a motion for recusal, *see* Albert v. United States District Court for the Western District of Michigan, 283 F.2d 61 (6th Cir. 1960); Collier v. Picard, 237 F.2d 234 (6th Cir. 1956)) it would not likely be reviewed if the second judge should make a final decision that caused appellant to feel aggrieved. Accordingly, if it is to be reviewed at all, it must be reviewed now, and I agree with my colleagues that we should proceed to the merits.

A judge, although perhaps not legally disqualified under 28 U.S.C. §§ 144, 455, should recuse himself if he knows of some reason why he should not sit, and in such a case should state the basis for his decision. If there is no reason other than his disinclination to hear a matter, he should not be permitted to step aside merely to avoid an unpleasant or onerous task. A litigant is entitled

---

[1]. We recognize that this court has held that a District Judge's *denial* of a motion to disqualify under 28 U.S.C. § 144 (1970), is not a final and appealable order. Collier v. Picard, 237 F.2d 234 (6th Cir. 1956); Albert v. District Court, 283 F.2d 61 (6th Cir. 1960). We do not, however, feel that these cases necessarily control a District Judge's *grant* of a motion to disqualify in a case wherein he has already entered a decree in equity, which decree he has a continuing responsibility to administer, along with a substantial background of experience.

to have a judge to whom a matter is assigned in due course hear and dispose of that matter if there is no reason to disqualify him or otherwise to make him unavailable. As Mr. Justice Rehnquist pointed out in his memorandum explaining his decision not to disqualify himself *nunc pro tunc* from the decision in Laird v. Tatum, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972):

> Those federal courts of appeals that have considered the matter have unanimously concluded that a federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where *disqualified*. Edwards v. United States, 334 F.2d 360, 362 n. 2 (CA5 1964); Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967); In re Union Leader Corp., 292 F.2d 381 (CA1 1961); Wolfson v. Palmieri, 396 F.2d 121 (CA2 1968); Simmons v. United States, 302 F.2d 71 (CA3 1962); United States v. Hoffa, 382 F.2d 856 (CA6 1967); Tucker v. Kerner, 186 F.2d 79 (CA7 1950); Walker v. Bishop, 408 F.2d 1378 (CA8 1969).

409 U.S. 824, 837, 93 S.Ct. 7, 15, 34 L. Ed.2d 50 (1972) (emphasis in original).

The District Judge in this case determined that the motion and affidavit filed under 28 U.S.C. § 144 were devoid of merit; indeed, he referred to the filing of the motion as a "ploy" and a "subterfuge." Yet he proceeded to recuse himself, and thus to effectuate what he had characterized as defendants' improper purpose. In the ordinary case, this action would be highly questionable.

But this is not the ordinary case, and this is not the stage of the proceedings where a motion to have a judge recuse himself is ordinarily filed. It is a school desegregation case that began in 1955 before a judge other than the judge who entered the order from which this appeal has been taken. In our latest consideration of the case on the merits, we affirmed the District Court's selection of a desegregation plan to replace earlier plans that did not result in the creation of a unitary school system. Kelley v. Metropolitan County Board of Education of Nashville and Davidson County, Tennessee, 463 F.2d 732 (6th Cir.), cert. denied, 409 U.S. 1001, 93 S. Ct. 322, 34 L.Ed.2d 262 (1972). The defendants have since urged the District Court to modify the plan because of hardships and impracticalities that they assert have developed, and plaintiffs have vigorously opposed these modifications.

It is essential during the remedial stage of a school desegregation case that the parties cooperate in devising and implementing a workable plan. Where there should be a climate of conciliation and compromise, the record in this case discloses an atmosphere of hostility and suspicion. As has been true since the beginning of this litigation, the parties have been able to agree on virtually nothing. The District Judge has intimated that the defendants have purposely frustrated effective implementation of the desegregation plan in order to marshal public opinion against it and thereby to reinforce their capacity to resist correcting the unconstitutional condition that they have been held to have created. There have been heated exchanges between the court and the defendants, and the court has apparently felt frustrated at its inability to move the defendants off dead center in their refusal to take any constructive action toward meeting their constitutional obligation.

In this context, the judge apparently believed that he could promote a conciliatory mood and enhance the prospect of cooperation and compromise if he took the drastic step of disqualifying himself, as he explained in denying plaintiff's motion to reconsider:

> "The quality of justice cannot be dependent upon the identity of a particular individual who sits on a particular Court at a particular time. A general uniformity of justice is ef-

fected by the nature and structure of our judicial system. It is the process, not the particular person, which determines the justice applied in our society.

"It is this Court's observation that everything that has occurred to date in this case is the natural, necessary, inevitable, and fully predictable consequence of the School Board's hardline policy—however induced or influenced.

"It is likewise this Court's opinion that changing the Judge won't change anything else unless the Board seizes the opportunity to modify its attitudes. Perhaps changing Judges can operate as it sometimes appears when baseball clubs change managers—maybe emotions can be calmed so intelligence can have an opportunity."

In these unusual circumstances, I am prepared to agree that the judge has not abdicated his duty to sit and has not abused his discretion in acting as he believed necessary or proper to advance the course of the sensitive litigation before him. Care should be taken, however, that the motion to recuse does not become a device by which recalcitrant school boards—or dissatisfied parties generally—may judge-shop by provoking the removal of judges whom they perceive to be unsympathetic to their cause. No matter how acrimonious the debate, or how fractious the parties, a judge should refuse to recuse himself as long as he believes he can render a fair and impartial decision. But if he has cause to believe that his departure, either because a party will then not be able to assert bias on the part of the judge as an excuse for noncooperation or because the chemistry of the particular judge-litigant relationship has exacerbated tensions or hostility already existing in the case, then he should step aside in favor of a colleague. I believe that the recusal decision here, for the reasons stated by the trial judge, was warranted by the extraordinary circumstances of this case in its current posture, and I therefore concur with the result of the majority.