Iberia HAMPTON, Administratrix on behalf of the Estate of Fred A. Hampton, Deceased et al., Plaintiffs-Appellants,

v.

CITY OF CHICAGO, et al.,
Defendants-Appellees.

No. 80–2679.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 23, 1980.

Decided March 12, 1981.

James D. Montgomery, and G. Fling Taylor, Jr., Chicago, Ill., for plaintiffs-appellants.

John O. Touhy, Chicago, Ill., William A. Barnett, Jr., Asst. U. S. Atty., John P. Coghlan, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, CUMMINGS and SPRECHER, Circuit Judges.

**PER CURIAM.**

Plaintiffs-appellants seek review of the district court's grant, on October 10, 1980, of defendants-appellees' motion to recuse. Alternatively, they have requested this court to construe their pleadings filed in this court as a petition for a writ of mandamus. After the appeal was docketed here, the court ordered and the parties submitted briefs addressing this court's jurisdiction to review the order on appeal. The court has reviewed these briefs and the record on appeal. For the reasons hereinafter indicated, we dismiss the appeal for lack of jurisdiction and, treating the pleadings as a petition for a writ of mandamus, we dismiss the petition.

I

This case arises out of an encounter in 1969 between law enforcement officers and members of the Black Panther Party. The plaintiffs brought a civil rights action for damages against numerous federal and state officials. In our most recent review of this case, we remanded the cause to the district court for a new trial and directed that the provisions of Circuit Rule 18 would apply.[1] *Hampton v. Hanrahan*, 600 F.2d 600, 648 (7th Cir. 1979), *cert. denied in this part*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

On remand, this case was randomly assigned to Judge Shadur on September 8, 1980. He granted the defendants' motion to recuse on the basis that his impartiality might reasonably be questioned since he could be linked to the filing of an *amicus curiae* brief for the Chicago Lawyers' Committee for Civil Rights Under Law during an earlier stage of this litigation. 28 U.S.C. § 455(a). Plaintiffs argue that these grounds for recusal are legally insufficient. Following his recusal, the case was reassigned by lot to Judge Grady.

---

1. Circuit Rule 18 provides,

    Reassignment of Remanded Cases.

    Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial. . . .

## II

At the outset we observe that we fail to conceive of any interest which the plaintiffs have as litigants for review of Judge Shadur's recusal order. The effect of his decision to step aside is merely to have the case reassigned to another judge of the district court. The order does not strip plaintiffs of a fair forum in which they can pursue their claims. This is not the situation the Supreme Court addresses in *Will v. United States*, — U.S. —, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980), where a grant of recusal under section 455 would deprive the litigants of having the case heard at all.[2] While plaintiffs have a right to have their claim heard by the district court, they have no protectable interest in the continued exercise of jurisdiction by a particular judge.

That plaintiffs lack any such litigation interest is borne out by their opening assertion in their jurisdictional memorandum:

Judge Shadur's order of recusal has set an important precedent which not only has a chilling effect on the *pro bono* bar, but also undercuts the random selection process in the District Court and undermines this Court's ability to hear amici under its Rules.

They assert the rights of the *pro bono* bar, the district court and this court but fail to identify their own interest as plaintiffs in the ongoing case. If it should even appear that unfounded recusals impede the administration of justice in the circuit, the circuit council would take appropriate action, but the interest being vindicated would be that of the public in the administration of justice, and not the interest of a particular litigant.

## III

Plaintiffs have suggested two bases for this court's jurisdiction over an order granting a motion to recuse.[3] First, they assert that the recusal is a final decision subject to review under 28 U.S.C. § 1291. Counsel and the court have found only one case suggesting section 1291 as a basis for such appeals. *Kelley v. Metropolitan Board*, 479 F.2d 810 (6th Cir. 1973) (per curiam). The one paragraph majority opinion in *Kelley* limited its jurisdictional discussion to a single footnote:

We recognize that this court has held that a District Judge's *denial* of a motion to disqualify under 28 U.S.C. § 144 (1970), is not a final and appealable order... We do not, however, feel that these cases necessarily control a District Judge's *grant* of a motion to disqualify in a case wherein he has already entered a decree in equity, which decree he has a continuing responsibility to administer, along with a substantial background of experience.

*Id.*, 479 F.2d at 811, n.1 (citations omitted, emphasis in original).[4]

The circumstances surrounding Judge Shadur's recusal order are distinguishable from *Kelley* in that defendants moved to recuse immediately after Judge Shadur was

---

2. *See also, In re New Mexico Natural Gas Antitrust Litigation*, 620 F.2d 794 (10th Cir. 1980); *In re Virginia Electric and Power Company*, 539 F.2d 357 (4th Cir. 1976).

3. Plaintiffs also assert that this court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that the court of appeals may *permit* an appeal to be taken from an order not otherwise appealable only when the order is accompanied by a statement in writing from the district judge making certain findings. Here there is no statement in writing certifying the issue for appeal. Both Judge Shadur orally and the district court Executive Committee in writing denied the plaintiffs' motion for such a statement. *Cf. In re New Mexico Natural Gas Antitrust Litigation*, 620 F.2d 794 (10th Cir. 1980); *In re Virginia*

*Electric and Power Company*, 539 F.2d 357 (4th Cir. 1976) (§ 1292(b) certification prior to review of recusal orders). If, as we think, a party has no protectable interest in a recusal order, it would follow that we would decline leave to appeal under section 1292(b) even if a certificate had been given by the district judge.

4. Curiously, the court of appeals, after finding no abuse of discretion in the district court, disposed of the case by dismissing the appeal rather than by affirming. The *Kelley* court also treated the appeal in the alternative as a petition for a writ of mandamus and denied the writ. *Id.*, 479 F.2d at 811. Then Circuit Judge McCree concurred in the result and in the majority's jurisdictional conclusion. *Id.*

assigned this case, before he had, for example, substantial background of experience with it or had entered substantive orders. *See also, In re Virginia Electric & Power Co., supra,* 539 F.2d at 364, n.10.

We do not consider, however, such factors to be determinative and would decline to find appellate jurisdiction even if they were present here.[5] Once again, we cannot conceive of any protectable interest a litigant would have in having a particular judge sit in his case.

Plaintiffs' reliance on the collateral order doctrine in *Cohen v. Beneficial Loan Co.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), fails for the same reason. *Cohen* recognized the appealability under certain circumstances of decisions "which finally determine claims of right . . . ." *id.,* 337 U.S. at 546, 69 S.Ct. at 1225, before the entry of a final order. Although a recusal order is final as to the participation of the particular judge, his continued participation is not a "claim of right."[6] We must conclude that a grant of a motion to recuse is not a final and appealable order to confer jurisdiction in this court under 28 U.S.C. § 1291.[7]

## IV

Alternatively, plaintiffs urge that this court should exercise its jurisdiction over the merits pursuant to 28 U.S.C. § 1651, requesting us to consider their pleadings as a petition for a writ of mandamus. We are not persuaded that a party in like circumstances could ever make a showing that its rights to issuance of the writ is clear and indisputable. In any event plaintiffs have not so shown here. *Will v. Calvert Ins. Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) (plurality opinion); *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).

We have recently exercised mandamus to review a judge's denial of a motion to recuse under 28 U.S.C. § 455(a). *SCA Services v. Morgan,* 557 F.2d 110 (7th Cir. 1977). In *SCA Services,* however, we specifically signalled "a departure from our previous position . . . not [to make] the extraordinary writs of mandamus and prohibition available for review of a trial judge's ruling on a motion for disqualification for bias or prejudice. . . ." *Id.,* 557 F.2d at 117.[8]

Plaintiffs invite this court to extend the exception enunciated in *SCA Services* and use mandamus as a remedy in cases where the district judge has *granted* a motion to recuse.

Our refusal to employ mandamus to review a grant of recusal is again premised on

---

**5.** This opinion has been circulated among all judges of this court in regular active service. No judge favored hearing *in banc.* Circuit Judge Harlington Wood, Jr. did not participate in the hearing *in banc* consideration.

**6.** Since the plaintiffs fail to overcome this threshold question, it is unnecessary to examine the recusal order to determine if it comports with the remainder of the *Cohen* analysis. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. ——, ——, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

**7.** For the same reasons, we conclude that such an order could not be reviewed after entry of final judgment in a case. 13 Wright, Miller, Cooper, *Federal Practice and Procedure* § 3553 at 384 (1979) (disqualification "ought not to be reviewable at any stage of the case").

We note, moreover, that from a practical standpoint the order will often be unreviewable. The district court is under no obligation to provide a statement of reasons for recusal. Indeed in some circumstances a judge's silence on such a matter would be appropriate to avoid indirectly influencing other judges. *Cf.* 28 U.S.C. § 455(e) (full disclosure on record when § 455(a) disqualification waived). In addition, a district judge may disqualify himself on his own motion since, for example, he is probably best informed about his minor children's financial interests, 28 U.S.C. § 455(c), but may choose not to identify these interests in such a context. Thus, if Judge Shadur had chosen not to enter a memorandum with his recusal order, plaintiffs could neither have sought to attack his order's assertedly "chilling effect on the *pro bono* bar," nor vindicate the district court's random selection process.

**8.** The court reasoned that the departure was warranted by the specificity and legislative intent of section 455, which supplemented the previous disqualification statute, 28 U.S.C. § 144.

the lack of protectable interest which a party litigant has in the issue. Use of mandamus to protect a litigant's right to an unbiased district judge does not compel our use of it to review a recusal.

## V

For the above stated reasons, this appeal is dismissed for lack of jurisdiction. Treating the plaintiffs' pleadings as a petition for a writ of mandamus, the petition is dismissed.