841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AVEMCO INSURANCE COMPANY, Plaintiff-Appellant,
v.
CAPITAL CONTROL, INC.; James Palladino, Administrator of
The Estate of Frank Anthony Palladino, Jr.,
Deceased; Defendants-Appellees,
Independence Bank, et al., Defendants.
 No. 88-3011.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant Avemco Insurance Co. (Avemco) seeks an order from this Court granting it leave to proceed with trial preparation, lifting any future stays which might be imposed and allowing portions of the record not relevant to this appeal to be retained below while this court reviews an order which granted defendants-appellees' motion to recuse or disqualify the trial judge.
 
 
 2
 Avemco appealed from the order of November 25, 1987 under the collateral order doctrine enunciated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The collateral order doctrine is a narrow exception to the final judgment rule and, as a threshold requirement, must involve a claim of right. Cohen, 337 U.S. at 546. While Avemco has a right to have its claim heard in federal district court, it does not have a protectable interest in the continuing exercise of jurisdiction by a particular judge. Hampton v. City of Chicago, 643 F.2d 478 (7th Cir.1981). See also United States v. Balistrieri, 779 F.2d 1191, 1205 n. 14 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 3284 (1986). We, therefore, conclude that the collateral order doctrine is inapplicable and the appeal must be dismissed for lack of jurisdiction.
 
 
 3
 It is ORDERED that appeal no. 88-3011 is dismissed sua sponte for lack of jurisdiction and the motion for leave to proceed is denied as moot. It is further ORDERED that appellant shall bear the costs of this motion pursuant to Fed.R.App.P. 38.