885 F.2d 872
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence Douglas WILLIAMS, Petitioner-Appellant,
v.
Gary J. LIVESAY, Warden, Respondent-Appellee.
 No. 89-5149.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clarence Douglas Williams moves for counsel and appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Williams was convicted of receiving stolen property exceeding $200 in value and habitual criminality. He was sentenced to five to nine years, and a life sentence for habitual criminality, with both sentences to be served consecutively.
 
 
 3
 Williams claimed that the trial court erred by admitting two videotapes into evidence, the evidence was insufficient to support the jury verdict, and that the trial court improperly altered the verdict. After reviewing the respondent's answer, Williams' response, the magistrate's report and recommendation, and Williams' objections, the district court dismissed the petition as meritless.
 
 
 4
 On appeal, Williams argues that the jury verdict was invalid because it was improperly altered by the trial court, and Judge Hull improperly heard and dismissed the petition after the case had been transferred to Judge Jordan and without giving Williams a reasonable opportunity to brief his objections to the magistrate's report and recommendation.
 
 
 5
 As an initial matter, Williams has not raised on appeal the issues of whether the trial court erred in admitting two videotapes into evidence, and whether there was insufficient evidence to support the verdict. As a result, these issues are considered abandoned and will not be reviewed by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Williams argues that Judge Hull improperly heard and dismissed his petition after the case had been transferred to Judge Jordan and without giving Williams a reasonable opportunity to brief his objections to the magistrate's report and recommendation. These arguments are without merit, as Williams has no right to have his case reviewed by a particular district judge. Hampton v. City of Chicago, 643 F.2d 478, 479 (7th Cir.1981) (per curiam). Furthermore, the district court reviewed Williams' timely objections to the magistrate's report and recommendation in deciding to dismiss the petition, and was within its discretion in deciding not to allow Williams additional time in which to brief his objections.
 
 
 7
 The district court also correctly dismissed Williams' claim that the trial court improperly altered the verdict. In announcing the verdict orally, the jury foreman stated that the jury found defendant guilty of receiving and concealing stolen property. The count charging him with concealing had been dismissed. Williams claims that the verdict is void because the trial court corrected the verdict by deleting the reference to concealing stolen property without allowing the jury to retire and make its own corrections after further deliberation. The Court of Criminal Appeals reviewed this issue and decided that the concealing count was never submitted to the jury and thus the foreman's reference to "receiving and concealing" did not indicate an ambiguous verdict. It was therefore not improper for the court to advise the foreman of the surplusage and to poll the jury in open court without requiring further deliberations. As these rulings concern matters controlled by state criminal procedure rules and state law, the rulings are binding on the federal courts, Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 109 S.Ct. 169 (1988), and cannot serve as a basis for granting habeas relief. Id., at 738-39.
 
 
 8
 For these reasons, the motion for counsel should be denied and the district court's order should be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.