928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Kenneth CALEY, Plaintiff-Appellant,
v.
Robert BROWN, Jr., (90-1584/1592), Robert Brown, Jr.,
William Jefferson Hudson, Pete Chatfield, John Rubitschun,
Henry N. Grayson, Beverly Gokay, Edgar L. Church, Jr.,
individually and in their official capacities, (90-1584),
Defendants-Appellees.
 Nos. 90-1584, 90-1592.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 W.D.Mich., Nos. 89-00054, 89-00055; Benjamin F. Gibson, C.J.
 W.D.Mich.
 AFFIRMED.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Kenneth Caley, also known as Robert Jack Counterman, filed separate notices of appeal from a judgment in which the district court dismissed a civil rights action that Mr. Caley filed pursuant to 42 U.S.C. Sec. 1983 and a habeas action that he filed pursuant to 28 U.S.C. Sec. 2254. Because the appeals were taken from a single judgment, we shall address both of them in a single order.
 
 
 3
 The basis for both appeals is Caley's claim that the Michigan Department of Corrections relinquished jurisdiction over him when it did not execute a parole violator warrant in February of 1986, at which time Caley was sentenced by a Florida court to a five year prison term to be served either in Michigan or Florida. The term was served in Florida, and Caley claimed that his subsequent removal to Michigan violated his due process rights.
 
 
 4
 The district court dismissed the actions after Caley failed to file objections to a report and recommendation in which a magistrate recommended dismissal.
 
 
 5
 On appeal, Caley says that he did not file objections to the magistrate's report and recommendation because he never received it. He states that the Michigan Department of Corrections mailed the report and recommendation back to the court, unopened, without giving it to him. He also challenges a reassignment of his habeas case from one district court judge to another.
 
 
 6
 Caley's argument that the district court erred in reassigning his case is without merit; Caley had no right to have his case reviewed by a particular district judge. See Hampton v. City of Chicago, 643 F.2d 478, 479 (7th Cir.1981).
 
 
 7
 Caley's failure to file timely objections to the magistrate's report and recommendation would normally have constituted a waiver of his right to appeal. See Thomas v. Arn, 474 U.S. 140 (1985). However, exceptional circumstances are alleged which, if true, would make it inappropriate to apply the Thomas v. Arn procedural bar in this case. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). We shall assume that these allegations are true, addressing the merits without reference to any procedural bar.
 
 
 8
 It is our conclusion that the magistrate correctly analyzed the merits of this case in his report and recommendation. Accordingly, for the reasons stated in the magistrate's report and recommendation filed April 20, 1990, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.