**In re David M. SWIFT, Debtor.**

**The BANK OF SAN ANTONIO, Plaintiff,**

**v.**

**David M. SWIFT, Defendant.**

**Bankruptcy No. 90–51894–C. ADV. No. 90–5224–C.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

April 11, 1991.

---

See also 124 B.R. 475.

[black redaction bar]

[black redaction bar]

Michael G. Colvard, San Antonio, Tex., Charles A. Ruesink, Berry D. Spears, Austin, Tex., for plaintiff.

Martin W. Seidler, San Antonio, Tex., Trustee.

## ORDER DENYING MOTION FOR NEW TRIAL

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the motion of Defendant for New Trial. Upon consideration thereof, the court finds and concludes that the motion should be denied.

On March 12, 1991, this court's judgment denying discharge to the defendant, David M. Swift, was entered on the docket. Defendant now seeks a new trial, pursuant to Bankruptcy Rule 9023, charging that the evidence presented does not support the court's ruling and that the court misconstrued evidence. Defendant also alleges entitlement to a new trial on grounds that the presiding judge should have recused himself pursuant to Section 455(b)(1) of Title 28 (though the Defendant neither did at trial nor does he now seek recusal). The recusal allegation is premised on the Defendant's belief that "[t]he Court's pre-conceived bias in this regard [i.e., the court's construing the debtor's having filed in the Austin Division as evidence of an intent to hinder, delay, or defraud] adversely tainted its view of the facts in prejudging the debtor's actual intent which was crucial to the outcome of the case." Motion of Defendant. Adds the Defendant, "The Court's feelings toward the debtor are evidenced in its extensive findings of fact to the effect that the debtor's conduct represents an arrogant 'nose thumbing at the system'—a 'catch em if you can attitude.' ... [W]here the findings of fact and resulting conclusions are based in [sic] the Court's bias rather than in fact[,] the judgment should be set aside and a new trial granted. Where the Court all but made up its mind on at least one issue in the case, it should have recused itself. Not to do [so] was plain error." Motion of Defendant. Defendant concludes that the court should first grant a new trial, then recuse itself from a rehearing.

[black bar] The motion is devoid of all merit. Motions for new trial are addressed to the discretion of the trial court and the rulings thereon will not be disturbed on appeal absent an abuse of discretion. *Melear v. Spears*, 862 F.2d 1177, 1182 (5th Cir.1989); *Ellis v. Chevron U.S.A., Inc.*, 650 F.2d 94, 97 (5th Cir.1981). A motion which urges that the trial court improperly ruled on the evidence offers the court an opportunity to re-examine those factual determinations which in fact are clearly erroneous. The mere fact that another person hearing the same evidence might reasonably reach a different conclusion does not render the decision reached clearly erroneous. Rather, a factual determination is clearly erroneous only when, upon examination of the evidence and the ruling thereon, an appellate court is left with the definite and certain impression that a mistake has been made. *Inwood Laboratories, Inc. v. Ives Laboratories*, 456 U.S. 844, 855, 102 S.Ct. 2182, 2189, 72 L.Ed.2d 606 (1982); *Ayers v. United States*, 750 F.2d 449, 452 (5th Cir. 1985).

[black bar] Defendant first challenges the court's finding that the debtor made a double rental payment supported its conclusion that the defendant acted with the intent to hinder, delay or defraud his creditors. That finding is not clearly erroneous. That fact standing alone might be innocent enough, but standing in the context of the many other steps the debtor took just before his bankruptcy filing, it supports the court's conclusion, especially in light of the Fifth Circuit's pronouncement in *Matter of Bowyer*, 916 F.2d 1056 (5th Cir.1991).

[black bar] Defendant next contends that the court improperly interpreted the debtor's initially filing this case in the Austin Division as further evidence of an intent to hinder, delay or defraud his creditors. Again, that fact standing alone may be insufficient to support a finding of proscribed intent. However, taken in context,

the fact that the debtor *also* elected to file in a division removed from his home, his place of business, and his creditors supports the court's conclusion. The finding is not clearly erroneous.[1]

The balance of defendant's motion segues into a charge that the court held a "pre-conceived bias" which "adversely tainted its view of the facts in prejudging the debtor's actual intent ..." Defendant charges that the court "all but made up its mind on at least one issue in the case." Defendant concludes that the court was thus obligated to recuse itself, citing as support the Fifth Circuit's recent decision in *Cunningham v. Ayers*, 921 F.2d 585 (5th Cir.1991).[2]

Recusal is governed by 28 U.S.C. § 455. Only one section of that statute is implicated here. Section 455(b)(1), reads as follows:

> He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party ...

28 U.S.C. § 455(b)(1).

The law is well-settled that the judge whose recusal is sought is ordinarily the judge who rules on the motion, lest such motions be used as tools of delay or to disrupt the administration of the courts. That judge knows better than anyone else whether he could give the parties a fair and impartial trial. *In re Demjanjuk*, 584 F.Supp. 1321, 1322 n. 1 (N.D.Ohio 1984); *see Levitt v. University of Texas*, 847 F.2d 221, 226 (5th Cir.), *cert. denied*, 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988). Whether the court's ruling is correct can be tested by appellate review. *In re Demjanjuk, supra; see City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir.), *cert. denied*, 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980).

In considering such motions, the court is free to consider the pleadings of the parties and their factual averments. The court is not required to accept the allegations of any party as true, however. *Phillips v. Joint Legislative Comm. on Performance and Expenditure Review*, 637 F.2d 1014, 1019–1029 n. 6 (5th Cir. Unit A 1981), *cert. denied sub nom. Mississippi v. Phillips*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982) ("if a party could bind a judge by his factual allegations in a section 455 motion ... the result would be a virtual open season for recusal"). The court is also not limited to those facts presented by the party seeking disqualification. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). He may take into consideration all circumstances, both public and in hidden view. *Idaho v. Freeman*, 507 F.Supp. 706, 721 (D.Idaho 1981); *see also United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir.1985) (judge is free to make credibility determinations and to contradict evidence with facts drawn from his personal knowledge).

A finding under Section 455(b)(1) must be supported by facts demonstrating bias or prejudice on the part of the court. The bias in question must be *personal*, not merely judicial. *Craven v. United States*, 22 F.2d 605, 607–08 (1st Cir.1927), *cert. denied*, 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739 (1928); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3542, at 557 (1984) (citing numerous cases at note 11). Adds Wright, Miller & Cooper,

> It is not enough that the judge has acquired from what has gone on in open court or in chambers a personal conviction as to the merits of the case. Nor is the judge disqualified merely because he has presided over some other case involv-

---

**1.** The fact that the debtor offered what it believed to be an adequate explanation for its various acts is not sufficient to warrant a new trial. In making its credibility determinations, a finder of fact is free to disregard such explanations, especially when they are self-serving. *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 207 (5th Cir.1986); *New England Merchant National Bank v. Rosenfield*, 679 F.2d 467, 473 (5th

Cir.1982), *cert. denied*, 459 U.S. 1173, 103 S.Ct. 819, 74 L.Ed.2d 1017 (1983).

**2.** The court notes that counsel for defendant was also counsel for the successful appellant in *Cunningham*, a fact which may have influenced counsel's decision to try the same argument in this case.

ing the same party or closely related facts. It is not enough that the judge has ruled adversely to the party at an earlier stage of the case or that he has ruled favorably to the opponent of the party who is seeking disqualification.

13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3542 at 559 *et seq.* (1984) (citing numerous cases); *see United States v. International Business Machines Corp.*, 618 F.2d 923, 930 (2d Cir.1980) ("[t]here is no authority for, and no logic in, assuming that either party to a litigation is entitled to a certain percentage of favorable decisions").

■ The debtor has offered no facts to support his allegation of bias or prejudice, much less facts cognizable under the foregoing legal standards. At best, he has urged that bias and prejudice are demonstrated by this court's rulings. He has not offered any evidence of personal bias, apart from those rulings, other than his personal perceptions of what he believes to be a lack of sensitivity to the merits of his contentions. These contentions must fail.

The decision in *Cunningham v. Ayers* is clearly distinguishable and has no application to this case. In that case, the trial judge reflected what the Fifth Circuit concluded to be a clear bias prior to the commencement of the hearing, a bias derived in no small part from the judge's personal involvement in the case. The matter over which the court was presiding had been initiated by the judge, as a result of alleged misstatements to another judge about what Judge Ayers had advised Cunningham and her lawyer to do. The Fifth Circuit's comments are worthy of being set out in some detail here:

> We find it unnecessary to go into much factual detail. The record makes clear that Judge Ayers considered Cunningham's actions to be a personal affront to his authority. Judge Ayers stated that he was "prejudiced in this matter," that he had "all but made up [his] mind" as to what he was going to do in the case; that he was "not in the least inclined to be neutral;" and that he was serving as

"complaining witness, prosecutor, judge, jury, and executioner" in the case.
Reviewing Judge Ayers' decision not to recuse himself under an abuse of discretion standard, we find that Judge Ayers' statements are such that a reasonable person would have a reasonable basis for questioning Judge Ayers' impartiality in the contempt proceeding.

*Cunningham v. Ayers*, 921 F.2d at 587.

As surely as the Fifth Circuit was justified in concluding that sufficient bias and prejudice was present to mandate recusal in *Cunningham*, just as surely there is nothing in this record to demonstrate a similar bias or prejudice on the part of this court against Mr. Swift. This was a contested proceeding initiated by a creditor, not by the court. The trial was not preceded by any pejorative comments by the court, nor did the defendant ask for recusal prior to its commencement, indicating the defendant's belief that he saw no problems with going forward at that time. The court's findings *after the evidence was taken* merely reflect how strongly the court was persuaded *by the evidence*. It is the very essence of adversary proceedings that the evidence will instill a bias in favor of one party and against another, for that is how a court (or a jury, for that matter) expresses its having been persuaded. By defendant's logic, no court could ever reach a decision adverse to a party (much less a strongly held conviction) without in the process having to recuse itself, a result that would bring all litigation to a standstill and frustrate the ability of any court to ever decide a matter. The defendant's logic is, in the humble opinion of this court, properly rejected as spurious.

■ While the defendant has not expressly referred to this court's previous decision regarding his exemption claims, it bears noting that, although the court concluded that the debtor's handling of his retirement plan warranted disqualifying that plan under Section 42.004 of the Texas Property Code, it declined to prejudge the debtor's entitlement to a discharge, on grounds that the debtor deserved his day in court on that issue. *In re Swift*, 124 B.R.

475 (Bankr.W.D.Tex.1991). Even if the evidence taken in that hearing tended to instill certain perceptions about the debtor's intentions, recusal would not be mandated. As earlier noted, the bias in question must be *personal,* not merely judicial. 13A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3542, at 557 (1984) (citing numerous cases at note 11).

> The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

*United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *see In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1314 (2d Cir.1988); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3542 at 559 *et seq.* (1984); *see United States v. International Business Machines Corp.,* 618 F.2d 923, 930 (2d Cir. 1980). The court's prior ruling on the exemption questions is thus irrelevant to the recusal issue.[3]

The defendant's motion for new trial, as well as his *sub rosa* motion for recusal, are denied.

So ORDERED.

---

**3.** It is the very nature of bankruptcy proceedings that, as a result of developments in the case, the judge will develop certain perceptions of the debtor. Far from mandating a higher recusal standard, this simple fact of bankruptcy life is actually *encouraged* by the statute, which assumes that the bankruptcy judge responsible for the entire case is in the best position to evaluate discrete disputes in the context of the whole case. Wise counsel always keeps this factor in mind as he or she guides his or her client through the bankruptcy process.