810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Frank HULEN and Wilma Lesnansky; Jim Hamilton and the
Circuit Court of Lawrence County; Buford Evans and Sons;
Thomas Stack; Henry, Henry and Stack; William Boston;
Boston, Bates and Holt, Defendants-Appellees.
 No. 86-5536.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1986.
 
 1
 Before GUY, Circuit Judge, EDWARDS, Senior Circuit Judge, and EDGAR, District Judge*
 
 ORDER
 
 2
 The plaintiff appeals an order in which Chief District Judge Thomas A. Wiseman of the Middle District of Tennessee recused himself from all matters involving the plaintiff. On appeal, the plaintiff moved for alteration of the style given the present appeal. The Clerk denied that motion. The plaintiff now seeks reconsideration of that denial. The latter motion has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Meanwhile, the plaintiff has filed her appellate brief.
 
 
 3
 The plaintiff has filed several actions in the district court seeking review of a Tennessee state court judgment ordering the partition sale of farmland owned jointly by the plaintiff and two siblings. After reviewing some of these actions and finding them to be frivolous and harassing, Judge Wiseman entered an order prohibiting the plaintiff from filing future actions relating to the partition sale without prior approval of the court. When the plaintiff nonetheless continued to submit complaints, Judge Wiseman entered an order on May 2, 1986, sua sponte recusing himself from all matters involving the plaintiff. He also ordered that the judge to whom the cases were reassigned should be provided with all previous filings and orders, including the injunctive order, for a determination of whether the plaintiff should be held in contempt. The plaintiff filed a notice of appeal from that order.
 
 
 4
 Even assuming this Court has appellate jurisdiction to review the recusal order, see Kelley v. Metropolitan County Board of Education, 479 F.2d 810 (6th Cir.1973) (per curiam order), we conclude Judge Wiseman did not abuse his discretion in recusing himself from future matters involving the plaintiff. Given the simple nature of the matters to be reviewed, the plaintiff has no right to have her cases heard by a particular district judge. See Hampton v. City of Chicago, 643 F.2d 478, 479 (7th Cir.1981) (per curiam ). The notice of appeal gives this Court no jurisdiction to review the November 13, 1985, order containing the injunctive prohibition or the possibility of future contempt orders arising therefrom.
 
 
 5
 Upon examination of the record and plaintiff's brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 6
 We also find that the court clerk properly denied plaintiff's motion to have the case name restylized to "In re: Judge Wiseman's Order on May 2, 1986." Under Federal Rules of Appellate Procedure 12(a), this court is obligated to docket an appeal under the title given to the action in the district court. Plaintiff's concern over the res judicata effects of this ruling are misplaced. This ruling only concerns Judge Wiseman's sua sponte refusal; we do not consider the merits of the underlying cases.
 
 
 7
 It is ORDERED that the motion for reconsideration be and it hereby is denied.
 
 
 8
 It is ORDERED further that this appeal be and it hereby is dismissed. Rule 9(d)(1) and (3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, District Judge for the Eastern District of Tennessee, sitting by designation